```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      EASTERN DIVISION


JOANNE LEISURE                                          PLAINTIFF


VS.                                  CIVIL ACTION NO. 4:06CV31LS

WAL-MART STORES, INC. AND
AMERICAN HOME ASSURANCE                                DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Wal-Mart Stores, Inc. and American Home Assurance Company to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Joanne Leisure has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

On November 17, 2003, plaintiff Joanne Leisure injured her lower back while working in the course and scope of her employment for Wal-Mart in Waynesboro, Mississippi. Although Wal-Mart and its workers' compensation administrator, American, purported to accept compensability for Leisure's injuries and made at least some payments for medical and indemnity benefits, plaintiff eventually filed this action against them for bad faith, alleging that defendants refused to authorize reasonable and necessary

medical treatment "generally and for depression."[1]  According to Leusire's complaint, "from the beginning [defendants] refused to pay reasonable and necessary medical services and supplies regarding" her injuries, requiring her to be seen by one doctor after another who consistently confirmed her injuries; and as a result of defendants' handling of her claim, she began to experience severe compensable depression, for which defendants further refused to pay.  Defendants have moved to dismiss, contending that because Leisure failed to exhaust her administrative remedies with the Workers' Compensation Commission before bringing this action, her suit is premature and must be dismissed.

The Mississippi Workers' Compensation Act provides that workers' compensation is the exclusive remedy available to an employee suffering an injury that arises out of and in the course of employment.  <u>See</u> Miss. Code Ann. § 71-3-9 (stating that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee · · · or otherwise from such employer on account of such injury or death. . . .").  While this provision bars an employee's common law tort action against his employer and his employer's workers' compensation insurance carrier based on a negligent

---

[1] The case was filed in the Circuit Court of Wayne County, Mississippi, and removed to this court on March 14, 2006 on the basis of diversity jurisdiction.

failure to pay workers' compensation benefits, it does not bar an injured employee's common law tort action against an employer and/or insurance carrier for the commission of an intentional tort that is independent of the accident compensable under the workers' compensation scheme. Whitehead v. Zurich American Ins. Co., 348 F.3d 478, 481-82 (5th Cir. 2003) (citing Southern Farm Bureau Cas. Ins. v. Holland, 469 So. 2d 55, 58-59 (Miss. 1984)). More to the point, an employee can sue the employer and carrier for bad faith refusal to pay benefits "because such a claim arises not from the work-related injury but from an independent act that is not compensable under the Workers' Compensation Act." Id. at 481. However, the Mississippi Supreme Court has held that before a claimant can bring an action for bad faith refusal to pay workers' compensation benefits, she must first establish, through the administrative procedures provided by the Mississippi Workers' Compensation Commission, that she is entitled to the disputed benefits. Walls v. Franklin Corp., 797 So. 2d 973 (Miss. 2001) (stating that a claimant may "not maintain a bad faith action for refusal to pay for disputed medical services and supplies absent the Commission's prior determination that those services and supplies were reasonable and necessary"). That is, a workers' compensation claimant must first establish his entitlement to benefits through the administrative process before pursuing a bad faith claim. Id. (citing Kitchens v. Liberty Mut. Ins. Co., 649

F. Supp. 467 (S.D. Miss. 1987), and Powers v. Travelers Ins. Co., 664 F. Supp. 252 (S.D. Miss. 1987).

The reason for this exhaustion requirement, which is now firmly established in Mississippi jurisprudence,[2] is straightforward:

> [F]or [a claimant] to prevail in a bad faith action, he must first establish through the administrative process that he is entitled to workers' compensation benefits. Under Mississippi law, such a determination is within the exclusive jurisdiction of the Mississippi Workers' Compensation Commission. Miss. Code Ann. § 71-3-47.

Bullock v. AIU Ins. Co., 2006 WL 1195465 (S.D. Miss. Apr. 28, 2006) (citing Walls).  See also Billingsley v. United Technologies Motor Systems, Inc., 895 F. Supp. 119, 121 (S.D. Miss. 1995) (finding for plaintiff on a bad faith claim would presume plaintiff's entitlement to all benefits claimed which, if made preceding exhaustion of administrative remedies, could prove inconsistent with workers' compensation determination).

In this case, plaintiff's complaint alleges, and the record evidence confirms, that plaintiff filed a petition to controvert with the Workers' Compensation Commission on January 28, 2004,

---

[2] See Whitehead v. Zurich American Ins. Co., 348 F.3d 478, 481-82 (5th Cir. 2003) ("Walls requires that the Mississippi Workers' Compensation Commission make a determination as to whether Whitehead's claimed benefits are reasonable and necessary before he can commence a civil action for denial of benefits."); Dial v. Hartford Accid. and Indem. Co., 863 F.2d15, 16 (5th Cir. 1989) ("Dial must exhaust the administrative remedy provided and establish his entitlement to workers' compensation benefits in that process prior to commencing a court action for tort damages for the same failure to pay his clam.").

after two physicians had diagnosed her with severe lower back pain due to her on-the-job injury.  Defendants filed their answer on March 29, 2004.  Subsequently, American denied authorization of an MRI that had been recommended by one of plaintiff's doctors, Dr. Susan Folse, taking the position that Leisure's other diagnostic procedures were negative and that two other physicians had indicated that an MRI was unnecessary.  This led plaintiff to file a motion with the Workers' Compensation Commission on August 25, 2004 to require American to pay for an MRI.  No hearing was held on that motion, however, and apparently no ruling was ever made by the Commission.[3]  Several months later, in January 2005, another of plaintiff's treating physicians, Dr. Michael Patterson, recommended surgery for Leisure.  Defendants requested a second opinion pursuant to Mississippi Code Annotated § 71-3-15,[4] following which the parties became entangled in a dispute over who

---

[3] Although Leisure contends that the Commission ruled in her favor on the motion, the record of the MWCC does not indicate that a hearing was ever held or an order was ever entered on the motion.

[4] The statute states:
Should the employer desire, he may have the employee examined by a physician other than of the employee's choosing for the purpose of evaluating temporary or permanent disability or medical treatment being rendered under such reasonable terms and conditions as may be prescribed by the commission.
Miss. Code Ann. § 71-3-15(1).

5

would provide the second opinion.[5]  Plaintiff alleges that "[b]enefits were routinely cut off by the Defendant's (sic) during this period of time."  After this dispute was resolved, Dr. Thomas Jeffcoat performed a second opinion evaluation on June 1, 2005 and disagreed with Dr. Patterson's recommendation for surgery.

In light of this disagreement, defendants filed a motion with the Workers' Compensation Commission for an independent medical examination (IME), and on November 9, 2005, following a hearing, the Commission entered an order granting the request for an IME. The IME was conducted on January 23, 2006 by Dr. Robert A. McGuire, who concurred with Dr. Patterson's recommendation for surgery.  After receipt of Dr. McGuire's report, defendants wrote to plaintiff's counsel on March 6, 2006 that they would authorize the surgery based on Dr. McGuire's report, and the surgery was thereafter performed by Dr. Patterson on March 21, 2006.  In the meantime, plaintiff had already filed this suit on February 17, 2006 for defendants' alleged bad faith refusal to authorize reasonable and necessary medical treatment "generally and for depression."

---

[5] Correspondence submitted by plaintiff suggests that defendants initially took the position that they were entitled under the statute to get a second opinion from two out-of-state doctors, and so they undertook to schedule an appointment with an Alabama doctor.  Plaintiff objected, claiming that the statute provided no such right, and suggested a Dr. Lee for the second opinion, Dr. Lee being someone that had been suggested by Dr. Patterson.  Ultimately, an appointment was scheduled with Dr. Thomas Jeffcoat.

Defendants point out in their motion that Leisure's workers' compensation proceeding remains pending and that to date, there has been no determination by the Workers' Compensation Commission that Leisure is entitled to any benefits, and they argue that "until the underlying workers' compensation proceeding has been concluded" and there has been a determination by the Workers' Compensation Commission as to whether Leisure's treatment for depression or for any other disputed medical treatment is reasonable and necessary, no justiciable controversy exists upon which to bring a claim for the alleged bad faith denial of benefits.

While Mississippi law does require a plaintiff's exhaustion of her administrative remedies with the Workers' Compensation Commission prior to filing a bad faith claim, "the Mississippi Supreme Court has never equated exhaustion of remedies with exhaustion of the workers' compensation process." Bullock, 2006 WL 1195465, at 2.  "Instead, exhaustion occurs upon the final adjudication of the underlying workers' compensation issue that establishes the plaintiff's 'entitlement to contractual damages.'" Id.  Thus, to determine whether there has been exhaustion requires consideration not simply of the status of the Workers' Compensation proceeding, that is, whether it has been finally concluded, but rather whether the disputed issue underlying the bad faith claim has been resolved in the plaintiff's favor.  Here,

however, it is clear that as yet, there has been no determination of any issue in plaintiff's favor.

Plaintiff's principal allegation in this case relates to defendants' alleged failure and refusal of payment relating to plaintiff's depression, which she contends is compensable.[6] Defendants apparently contest compensability of her claim for such benefits, and plaintiff does not dispute that she has not sought an administrative remedy to compel payment for treatment for her alleged depression.  Plaintiff has not exhausted her administrative remedy, and as a consequence, she is precluded at this time from pursuing a bad faith claim for denial of benefits for depression.

Beyond her allegation that defendants have failed to pay benefits for her depression, it is not altogether clear from plaintiff's complaint for what reasonable and necessary medical services and supplies defendants are alleged to have refused authorization and payment.  She alleges that "from the beginning" defendants refused to authorize reasonable and necessary medical treatment or to pay her for travel expenses incurred in connection with medical diagnosis and treatment, and alludes to other

---

[6] She alleges that as a result of the way defendants have handled her claim, and the delay in receipt of necessary medical treatment resulting from their handling of her claim, she has suffered needless pain and has been caused to suffer severe depression, which she contends is compensable under the Workers' Compensation Act.

unspecified benefits that were "cut off" by defendants while they sought a second opinion as to the necessity of surgery. However, her failure to exhaust with respect to all such benefits is apparent from the record.

A review of the docket sheet from plaintiff's case before the Workers' Compensation Commission establishes that plaintiff's case remains pending and reflects that the only ruling by the Commission to date has been on defendants' request for an IME, which was granted. It is unclear whether plaintiff has pursued payment for any travel expenses or for benefits that were allegedly cut off, or suspended, but it is clear there has been no ruling that she is entitled to such benefits, just as there has been no ruling on her request for authorization for an MRI. That being the case, she cannot go forward at this time with any bad faith claim for denial of these benefits or any others.

It follows that in light of plaintiff's failure to exhaust her administrative remedies, defendants' motion is well taken and this cause must be dismissed without prejudice.

It is therefore ordered that defendants' motion to dismiss is granted, and plaintiffs' complaint is dismissed without prejudice.

SO ORDERED this 16th day of June, 2006.

                                                   /s/ Tom S. Lee
                                                  UNITED STATES DISTRICT JUDGE